**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE: APPLICATION        :
FOR ACCESS TO CERTAIN    :      **CASE NO. 21-mc-85 (CRC)**
SEALED VIDEO EXHIBITS     :
                            :
                            :

## RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby responds to the Court's June 18, 2021 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in *United States v. Dean Egtvedt*, 21-cr-177 (CRC). Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearings for the defendant in this case, Daniel Dean Egtvedt. The government has conferred with the defense counsel in this matter, and the parties are in agreement that the videos submitted to this Court can be released in accordance with the procedure outlined by the Chief Judge. *See* Standing Order 21-28 (BAH), at 6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test [1] when determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the detention hearings held in this matter before Magistrate Judge G. Michael Harvey and Judge Christopher R. Cooper. *See* 21-mc-85, at 3. However, no videos were submitted by the government to the Court for review during the February 25, 2021 detention hearing before Magistrate Judge Harvey. Accordingly, there are no video exhibits to be made available to the public from the detention hearing held before Magistrate Judge Harvey. The government did play four video compilations during the April 14, 2021 detention hearing before Judge Cooper. Neither party sought a sealing order for the video.

Therefore, since the four video compilations were used in this Court's decision on detention, and were not subject to a sealing order, the parties do not object to its disclosure at this time. The government does request that, pursuant to Standing Order 21-28 (BAH), "no recording, copying, downloading, retransmitting or further broadcasting" of the video exhibits be permitted in this case.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:     */s/ Colleen D. Kukowski*
COLLEEN D. KUKOWSKI
Assistant United States Attorney
D.C. Bar No. 1012458
555 4th Street, N.W., Room 9842
Washington, D.C. 20530
202-252-2646
Colleen.Kukowski@usdoj.gov

2

CERTIFICATE OF SERVICE

I certify that a copy of the Response to Minute Order Regarding Video Exhibit Release

was served on all counsel of record via the Court's electronic filing service.

 /s/ Colleen D. Kukowski
COLLEEN D. KUKOWSKI
Assistant United States Attorney

Date:   June 20, 2021

3